manifest weight of the evidence on the question of a valuable consideration for the release or upon the other issues in the case.

The judgment is, therefore, reversed.

*Reversed with a finding of facts.*

Finding of facts to be incorporated in the judgment: We find that after the causes of action set forth in the declaration had accrued to appellee, and before this suit was begun, appellee, by a valid writing signed and sealed, released and forever discharged appellants from all claim or demands whatsoever arising from the injuries in said declaration mentioned.

---

**Richard H. Swartwout et al., for use of G. P. Sayers, Plaintiffs in Error, v. The Walworth & Neville Manufacturing Company, Defendant in Error.**

**Gen. No. 18,747.   (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. Harry Olson, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed June 24, 1914.

### Statement of the Case.

Action by Richard H. Swartwout and Paul Appenzellar for the use of G. P. Sayers against Walworth & Neville Manufacturing Company, a corporation, to recover two thousand dollars represented by a note claimed to have been given to one Frederick A. Yard, who was manager of an office for plaintiffs in Chicago, by the defendant, and returned to the defendant by said Yard. To reverse a judgment entered on a directed verdict for defendant, plaintiffs bring error.

Albert A. Kraft, for plaintiffs in error.

Gann, Peaks & Townley, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1. PRINCIPAL AND AGENT, § 179*—*essentials to entitle undisclosed principal to sue on contract made by agent.* To warrant an action by an undisclosed principal based on a contract made by the agent, it must appear (1) that the contract was made on behalf of the principal; (2) that there is mutuality in the contract between the principal and the one who deals with the agent, so that the contract can be enforced against the principal when he is discovered; and (3) that the principal has the right to perform the contract.

2. PRINCIPAL AND AGENT, § 179*—*when principal cannot maintain action on contracts made by agent.* Where an agent of another spends his time serving others or in making contracts of his own disconnected with the line of his employment, the principal may have an action against the agent, but there is no privity between the principal and those with whom the agent deals in independent matters that will warrant an action in the name of the principal based thereon.

---

## Thomas Nosal, Appellee, v. International Harvester Company, Appellant.

### Gen. No. 18,827.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed with findings of fact. Opinion filed June 24, 1914.

## Statement of the Case.

Action by Thomas Nosal against the International Harvester Company to recover for personal injuries received by plaintiff by reason of the breaking of a defective ladder which he was using while in the employment of defendant. The declaration charged that defendant furnished to plaintiff to use in his work a defective ladder; that defendant negligently failed to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.